Malek *v.* Gimbel Brothers, Inc., Appellant.

Argued June 16, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Albert C. Gekoski,* for appellant.

*Frank J. Eustace, Jr.,* with him *Arnold Wainstein,* for appellees.

OPINION BY WRIGHT, J., September 16, 1960:

Leo Malek and Eleanor Malek, his wife, filed a complaint in trespass against Gimbel Brothers, Inc., alleg-

ing that the wife-plaintiff, a customer in defendant's department store, sustained personal injuries when struck on the right leg by a bin which fell from a moving truck or dolly. The jury returned a verdict for the defendant, and the court below granted a new trial. This appeal followed.

The record discloses that, shortly after the store opened on the morning of May 13, 1958, Mrs. Malek was standing at a counter in the hosiery department. Appellant's employes had removed four bins from an adjacent counter and were taking them to a different location. These bins were five feet long, one foot high and one foot deep, constructed of plywood with formica outer covering, and were designed to hold rolls of piece goods. As the employes made a turn in the aisle, one of the bins fell off at Mrs. Malek's feet. It is clearly apparent, indeed not seriously questioned, that the truck or dolly was either carelessly loaded or carelessly operated. Appellant's defense was that the falling bin did not actually strike Mrs. Malek's leg, and that the thrombophlebitis of which she complains did not occur as a result.

Mrs. Malek testified that, while she did not see the bin fall, "suddenly something hit my leg and I felt the pain and then there was a crash". She was taken to the dispensary where the nurse applied ice cubes to the leg. After returning home, Mrs. Malek first consulted Dr. Brown, and later Dr. Skversky. In the nature of specific losses, claim was made for the services of Dr. Brown and Dr. Skversky, also for a laboratory charge, and for pharmacy bills covering bandages and elastic hose. No claim was made for household services. However, Mrs. Malek was questioned on cross-examination, over objection, relative to a bill previously submitted (apparently when settlement was being discussed) indicating payments "to Mrs. Edith

Saunders for housekeeping during period of incapacitation". Counsel for appellant then attempted to examine Mrs. Malek concerning a written statement allegedly made by Mrs. Saunders, who was not called as a witness. The trial judge ruled that this statement was inadmissible. However, it appears that counsel for appellant made reference thereto in his summation.

There were twenty reasons assigned in the motion for a new trial. Without eliminating any of the other reasons, the court en banc granted the motion on the grounds (1) that the verdict was against the weight of the evidence, and that a miscarriage of justice would result if it were permitted to stand; (2) that it was improper to permit cross-examination of Mrs. Malek as to the bill for payments to Mrs. Saunders; and (3) that appellant's counsel made prejudicial remarks to the jury, and improperly referred to the purported statement by Mrs. Saunders.

The consideration of the question whether a verdict is against the weight of the evidence is governed by a different rule than that applied in considering a motion for judgment n.o.v. "In the latter instance we reject all evidence which does not support the verdict while in the former we consider all the evidence and assess its weight to determine whether the lower court abused its discretion": *Jemison v. Pfeifer*, 397 Pa. 81, 152 A. 2d 697. One of the least assailable grounds for the exercise of the power to grant a new trial is the conclusion of the court below that the verdict was against the weight of the evidence, and our review of its action is confined solely to the question of abuse of discretion: *Olynik v. Luce*, 192 Pa. Superior Ct. 312, 162 A. 2d 259. Appellant's burden is very heavy, and in the instant case we regard it as insuperable. Cf. *Cobb v. Chubeck*, 399 Pa. 201, 160 A. 2d 207.

In brief, our review of this record does not reveal any abuse of discretion. The order below is amply justified by the opinion of the trial judge, speaking for the court en banc, from which we quote the following excerpt:

"Little purpose would be served in a minute detailing of the conflicting evidence. It is sufficient to mention that several of the defendant's witnesses acknowledged the fact that they did not actually see the bin fall to the floor; another witness had his back to the plaintiff at the time and could not have seen the accident. There is credible testimony, on the other hand, that plaintiff felt a pain as something hit her leg. . . It is also quite apparent that plaintiff's leg was red and swollen at the time of the alleged accident and that the nurse on duty in defendant's store dispensary applied ice packs thereto. Taken all in all, we believe that the weight of the credible evidence unmistakably points to the happening of the accident and to the injury of the plaintiff, whether slight or serious, due to the negligence of defendant's employes.

"This fact alone would warrant, in the interests of justice, the granting of a new trial to the plaintiffs. However, mention might be made of one or two other objections raised by the plaintiffs, which by the force of their cumulative weight helped to persuade the court en banc to grant a new trial. It is argued, for instance, that notwithstanding the fact that plaintiffs neither made a claim nor testified to any loss on account of household services, defendant's attorney nevertheless was permitted to cross-examine Mrs. Malek, plaintiff wife, on this item over plaintiff's objection; and a statement by Mrs. Malek with reference to this matter was admitted in evidence. . .

"Another reason pressed by the plaintiff for a new trial was defense counsel's prejudicial remarks to the

jury and getting improper matter before the jury. A Mrs. Edith Saunders was not called as a witness in the case, yet defendant's attorney in his summation to the jury remarked that Mrs. Saunders denied knowing plaintiff, who is her own sister. This was clearly hearsay and inadmissible and improperly mentioned to the jury. . .

"There were other reasons advanced by plaintiff for a new trial but they need not be here discussed since the court en banc has come to the conclusion and is of the definite belief that the interests of justice demand a new trial in this case".

Order affirmed.