Yerrick, a Minor, Appellee, *v.* The East Ohio Gas Co., Appellant.

(No. 5389—Decided January 29, 1964.)

*Messrs. McGowan & Scanlon* and *Mr. John D. May,* for appellee.

*Messrs. Buckingham, Doolittle & Burroughs,* for appellant.

HUNSICKER, P. J.   Douglas Yerrick, a minor, 19 years of age, was driving his father's automobile east on state route 619, in Stark County, Ohio.   At the same time an employee of The East Ohio Gas Company was driving a motor vehicle, in the service of such company, in a westerly direction on state route 619.   At or near the intersection of a connecting road, the employee of The East Ohio Gas Company drove over the center line of the highway, into the path of the automobile being operated by Douglas Yerrick.

The collision which occurred caused serious injuries to the face and left eye of Yerrick, necessitating extensive medical and hospital care, both in Stark County, Ohio, and Boston, Massachusetts.   The result of the admitted negligent act of the employee of The East Ohio Gas Company is that Douglas Yerrick bears a scar upon his cheek near his left eye; the left eye is out of focus with the right eye, resulting in double vision; the left eye has negligible vision which cannot, because of the double vision, be corrected by the use of glasses; the left eye has a permanent scar that is a source of danger, for it may again precipitate a detached retina, which had occurred as a result of the accident, but which, by operative procedure, was reattached to the back of the eye.   The other result of the detached retina is that Yerrick's field of physical activity is limited.   He may not subject himself to sudden shock, lift heavy articles, or engage in strenuous physical endeavor.   A redetachment of the repaired retina of the left eye would result in total blindness in that eye. The doctors do not know for sure whether the retina will remain attached.

Douglas Yerrick, besides being limited in his physical activity, is required, in order to enjoy television with any degree of comfort, to place his body in a reclining position in front of the television, or cover his left eye and depend entirely on his right eye.   A somewhat similar situation arises when Yerrick reads.

Liability was admitted by The East Ohio Gas Company.

The trial was largely devoted to testimony respecting his injuries, the medical and hospital procedures, and the degree of permanent physical disability which Yerrick now has.

The jury returned a verdict in the sum of $115,000; and to the judgment entered on that verdict, The East Ohio Gas Company has lodged an appeal to this court, saying:

"1. Appellant's motion for new trial should have been sustained by the trial judge because the jury's verdict was excessive and given under the influence of passion and prejudice.

"2. There was misconduct on the part of appellee's counsel in the final argument to the jury which was prejudicial to the appellant.

"3. The final argument on behalf of appellee was prejudicial and the lower court erred in not admonishing counsel for the appellee promptly, and in failing to declare a mistrial on that account.

"4. The lower court erred in stating the amount of the prayer to the jury and in telling them that their verdict could not exceed the amount of such prayer.

"5. The charge as given in the lower court was misleading because it did not define adequately the measure of damages in this type of case.

"6. The charge in the lower court erred to the appellant's prejudice in stating that it was 'guilty' of negligence as a matter of law."

We shall direct our inquiry to the claims arising out of the final argument to the jury, as made by counsel for Douglas Yerrick. We note here that no objection to the argument was made at the time it was delivered, and no request was made during or after the argument that the trial judge tell the jury to disregard such argument and any implications that might arise therefrom.

The appellant company insists that the size of the verdict, when considered in relation to the evidence produced at the trial, in and of itself shows such verdict to have been given as the result of passion and prejudice, and hence subject to the statutory rule announced in Section 2321.17 (D), Revised Code, requiring that a new trial be granted.

Counsel for Yerrick once in his oral argument mentioned the number of days his client waited to tell his story to the jury. There was no attempt to measure the daily value of pain, suf-

fering or disability, as was condemned in *Boop* v. *Baltimore & Ohio Rd. Co.*, 118 Ohio App., 171. The mathematical formula argument was not used in the instant case.

Counsel is allowed a wide latitude in the presentation of his oral argument, even though he is at all such times under the supervision and control of the trial judge. In the case of *Hayes* v. *Smith*, 62 Ohio St., 161, the court, in paragraph eight of the syllabus, said:

"8. It is a duty of the trial court which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel and to instruct the jury in regard thereto; and if it fail to do so, it is ground for a new trial.'"

See, also, *Shapiro* v. *Kilgore Cleaning & Storage Co.*, 108 Ohio App., 402.

It is a general rule that misconduct of counsel, if such occurs, will not be considered by a reviewing court where no objection is taken at the time it occurs, or if the attention of the trial court is not directed to such alleged misconduct. *Walsh* v. *J. R. Thomas' Sons*, 91 Ohio St., 210, at p. 217. This general rule is subject, however, to the exception found in *Hayes* v. *Smith, supra*.

We do not have in this case personal attacks, in the course of oral argument, directed against opposing counsel, or one of the parties, such as was condemned in *Plas* v. *Holmes Construction Co., Inc.*, 157 Ohio St., 95. We have herein an oral argument that was directed at times to a subjective rather than an objective view of the matter. This form of argument is frequently called the "Golden Rule" argument. As to such argument the court, in *Boop* v. *Baltimore & Ohio Rd. Co., supra*, at pp. 174 and 175, said:

"This type of argument, where the jurors are asked to put themselves in the place of plaintiff, is commonly known as the 'Golden Rule Argument' and, upon objection being made, is normally considered objectionable and incompetent for the reason that it constitutes an appeal to the jury to abandon their position of impartiality and to exercise their discretion in the guise of an interested party.

"* * * *

"As a general rule to preserve a question of this character

for appeal counsel must make objection at the time the alleged error occurs and may not sit idly by until judgment has been rendered against his client and then for the first time raise his objection. This general rule is also normally applicable to claimed misconduct of counsel in the presence of the jury. 3 Ohio Jurisprudence (2d), 78, Appellate Review, Section 213. Although we must recognize that in an appropriate case 'it is a duty of the trial court which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel and to instruct the jury in regard thereto; and if it fail to do so, it is ground for a new trial' (*Hayes* v. *Smith*, 62 Ohio St., 161), we do not find that this is such a case. Many of the statements of counsel were descriptively colorful summations of facts in evidence and entirely permissible. Without condoning other statements of a less factual nature and without condoning the 'Golden Rule' argument we do not, however, conclude that counsel grossly abused his privilege *and* that these statements were made to the manifest prejudice of the railroad so as to require the trial court to act without objection being made by the railroad.''

The so-called ''Golden Rule'' and subjective-type argument is not subject to the same infirmity as one scurillous in nature directed against a party or his counsel. The type of argument used in the instant case was condemned in *McCullough Transfer Co.* v. *Pizzulo*, 53 Ohio App., 470, at p. 479; although in that case, after saying the subjective-type argument was clearly wrong, the court found the verdict excessive and granted a remittitur.

A collation of cases on the subject ''Prejudicial effect of counsel's argument, in civil case, urging jurors to place themselves in the position of litigant or to allow such recovery as they would wish if in the same position,'' may be found in 70 A. L. R. (2d), 935 *et seq.*

An examination of the cases in other jurisdictions shows the better-considered rule to be (as we find it in Ohio): that a failure at the trial to object to the subjective-type argument, or to request the trial court for curative action, by way of admonishment to the jury, waives the right to a reversal of the judg-

ment and the granting of a new trial, because of claimed misconduct of trial counsel.

We next must consider whether the verdict under the evidence is excessive, and, if so, whether it was given under the influence of passion and prejudice.

This examination must be confined solely to the facts as presented by the evidence, when viewed in the light of the size of such verdict. We do not consider the subject of comparison with other verdicts under other conditions in other years to be a guide as to what should be awarded in the instant case. We are, of course, not unmindful of the rule in Ohio, as expressed in the case of *Chester Park Co.* v. *Schulte, Admr.*, 120 Ohio St., 273, wherein the court said:

"1. In an action for unliquidated damages neither the trial court nor any reviewing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent of the party in whose favor the verdict was rendered to such reduction.

"2. If a trial court in an action for unliquidated damages finds that the verdict is excessive and that it was rendered under the influence of passion or prejudice, it has no alternative except to set it aside and grant a new trial.

"3. If a verdict in an action for unliquidated damages is, in the opinion of the trial court, excessive, but not appearing to be influenced by passion or prejudice, the court may with the assent of plaintiff reduce the verdict by *remittitur* to any amount warranted by the evidence.

"4. Neither the trial court nor any reviewing court has power or authority to reduce a verdict on any grounds without the assent of the prevailing party, unless the undisputed testimony shows an error in mathematical calculation.

"5. The Court of Appeals has the same unlimited power and control of verdicts and judgments as the trial court and may weigh the evidence and exercise an independent judgment upon questions of excessive damages and when no passion or prejudice is apparent may modify and affirm the judgment by ordering a *remittitur* with the consent of the prevailing party.

"6. If the Court of Appeals in an error proceeding in an action for unliquidated damages finds that the verdict was ren-

dered under the influence of passion or prejudice it has no alternative except to reverse and remand for a new trial. * * *"

By what method do we determine that the verdict is excessive? A scarred face, a virtually blind eye, a limitation of activity, the fear of the future because of physical defects, and a myriad of psychological ills due to anxiety, have their value, as well as those for past pain and suffering. Is the size of this verdict in and of itself sufficient to establish passion and prejudice? The phrase, "passion or prejudice," indicates that a jury was swayed by their emotions. Such emotions may be of sympathy, anger, or resentment. It indicates an absence of reflection, or a disregard for the rights, of others.

"* * * 'Passion' means moved by feelings or emotions, or may include sympathy as a moving influence without conscious violation of duty. 'Prejudice' includes the forming of an opinion without due knowledge or examination." *Alabama Gas Co.* v. *Jones*, 244 Ala., 413, at p. 418, 13 So. (2d), 873; *Valdez* v. *Glenn*, 79 Wyo., 53, at p. 63, 330 P. (2d), 309.

We do not believe this verdict to be so far out of line with the established facts as to indicate passion or prejudice, and thus call for a reversal of the judgment, and the granting of a new trial. We do conclude, however, from the evidence, that the verdict is excessive, and that a remittitur should be ordered in the sum of $25,000. If such remittitur is accepted by Douglas Yerrick, the judgment will be modified as herein indicated, and, as modified, the judgment will be affirmed; otherwise, a new trial shall be granted.

*Judgment accordingly.*

Doyle and Stevens, JJ., concur.