Jonathan Copeland, a Minor, by J. C. Copeland, His Father and Next Friend, and J. C. Copeland, Individually, Plaintiffs-Appellants, v. Irma Johnson, Defendant-Appellee.

**Gen. No. 65–13.**

Second District.

November 5, 1965.

Lidschin and Pucin, Kaufman, Strouse, Wasneski and Yastrow, all of Waukegan (Max Lidschin and Shelby Yastrow, of counsel), for appellants.

Diver, Diver, Ridge and Brydges, of Waukegan (Thomas W. Diver and Louis W. Brydges, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

Three year old Jonathan Copeland, one of the plaintiffs, was severely injured on May 14, 1961, when he was struck by an automobile driven by the defendant, Irma Johnson, while crossing Lenox Avenue in Waukegan, Illinois. Through his father and next friend, he sued for his personal injuries charging the defendant with negligence. His father, the other plaintiff, sued for medical expenses incurred. A jury trial resulted in a verdict for the defendant and the trial court denied plaintiffs' motion for a new trial. Plaintiffs appeal urging that the verdict was contrary to the manifest weight of the evidence and charging defendant's counsel with improper remarks during closing argument.

Jonathan Copeland resided at 703 Lenox Avenue, Waukegan, with his mother, father and six-year-old

sister, Shela. The Copeland residence is located in a residential neighborhood on the west side of Lenox Avenue.

The residence of witness Willie Foxy is located on the east side of Lenox Avenue and the residence of Waldo Johnson, son of defendant, is located at 709 Lenox Avenue, three doors north of Foxy.

On Sunday, May 14, 1961, a sunny afternoon, Jonathan and Shela were playing on the east side of Lenox Avenue at approximately 5:15 p. m. After their mother called them home, Shela crossed the street and was approaching the Copeland front door when Jonathan started across the street. When he was approximately in the center of the street, he was struck by the defendant's south bound vehicle.

Defendant, who was forty-seven years old, had driven to her son's residence to pick up her son and granddaughter. Her sister, brother and sister-in-law were riding in the car with her. She stopped on the east side of Lenox Avenue, facing south and waited for about five minutes. Thereafter, the son and granddaughter entered the auto with her son sitting in the rear seat directly behind her. She then pulled forward past three cars parked on the east side of the street when her son said, "Hold it, Mom, you hit a kid." She stopped the car and the minor plaintiff was found under the right front wheel.

Lenox Avenue was described as being a one-way street, southbound, wide enough for three cars to pass; however, cars were parked on both sides of the street, so only the center lane was available for moving traffic. Willie Foxy's automobile was parked facing south on the east side of Lenox. Foxy was in the process of putting a battery in his car and the hood was up. The automobile of Cleveland Nelson was parked south of Foxy's car, also facing south on the east side of the street. Nelson was washing his car and was inside the

vehicle when the accident occurred. Nelson testified that the street was "full of kids" at the time of the accident and that the defendant's car moved about twenty-five feet after the accident. Foxy testified that he heard a woman shout, "that car hit that little boy," looked up and saw the auto still moving. He said the defendant jumped out of the car. One of the occupants of the car said, "Mommy, stop the car" and someone stopped the car.

Defendant, her sister, brother, and sister-in-law, each testified to not seeing Jonathan before he was struck. Defendant's son, Waldo Johnson, said he saw the boy come from behind Foxy's car, running in a westerly direction. He saw the boy in front of the left front fender of his mother's auto and the boy was struck by the right front fender. He said his mother stopped the car immediately upon his telling her that she had struck the boy.

The boy's injuries consisted of a blinded eye, a skull fracture, a fracture of the upper femur and scarring about the face and back.

■ Plaintiffs argue that the not guilty verdict was contrary to the manifest weight of the evidence; that the evidence discloses the visibility of the defendant was clear and unobstructed; that defendant should have seen the boy; that having seen him she had sufficient opportunity to avoid striking him and that even after the impact defendant should have stopped sooner to avoid the serious injuries to the boy. Plaintiffs' brief cites various authorities for the well recognized rule that the duty to look implies the duty to see what there is to be seen, Dee v. City of Peru, 343 Ill 36, 174 NE 901 (1931); Jones v. Hutchins, 19 Ill App2d 484, 154 NE2d 304 (1958); Crowe Name Plate & Mfg. Co. v. Dammerich, 279 Ill App 103 (1935); and they point out the added duty of care imposed upon a driver in an area where children are at play, Morrison v.

Flowers, 308 Ill 189, 139 NE 10 (1923); Ill Rev Stats ch 95½, sec 172(d) (1963).

Defendant, on the other hand, argues that the various parked automobiles obstructed defendant's visibility; that there is no evidence defendant failed to keep a proper lookout, and that the boy entered the street in such a manner that defendant had no opportunity to see him or to avoid striking him.

After considering the evidence, we are drawn to the definite conclusion that each of the foregoing issues are solely matters of fact about which reasonable minds might well differ. The jury saw and heard the witnesses. It found the issues in favor of defendant. The trial judge also observed the witnesses and denied plaintiffs' motion for a new trial. We are not prepared to say either the jury or the trial court erred. We find applicable the remarks of the Illinois Supreme Court in Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836 (1955), where the court stated at page 623:

> "A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable. (Lindroth v. Walgreen Co., 407 Ill 121.) In the trial of a law suit, questions of one's due care, another party's alleged negligence and the proximate cause of such injured party's injuries and damages are preeminently questions of fact for a jury's determination. Under our system of jurisprudence, jury determinations can be set aside only when a court of review, or a trial court upon proper motion, is clearly satisfied that they were occasioned by passion or prejudice or found to be wholly unwarranted from the manifest weight of the evidence."

Plaintiffs also urge that the jury was improperly prejudiced in favor of defendant by the following

366

remarks of defendant's counsel during closing argument:

"Now I don't know if any of us have ever been faced with these circumstances, but the only thing that I ask you as the one representing the defendant in this case is to place yourself in the same circumstances and ask you what would you do. And if you find yourself with the same results that happened here, I think that you must say that she used ordinary care and she was not guilty of negligence."

 It is our opinion the argument was erroneous. It is error for a plaintiffs' counsel to ask a jury to put itself in the position of a plaintiff, Thomas v. Illinois Power & Light Corp., 247 Ill App 378 (1928); Brant v. Wabash R. Co., 31 Ill App2d 337, 176 NE2d 13 (1961). It is just as erroneous for a defense counsel to ask the jurors to place themselves in the position of a defendant. Had an objection been made, the court should have sustained the objection and instructed the jury to disregard the erroneous comments. However, no objection was made and we feel that the error was waived. Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847 (1950); Forest Preserve Dist. of Cook County v. Chicago Title & Trust Co., 351 Ill 48, 183 NE 819 (1932); Chicago City Ry. Co. v. Gemmill, 209 Ill 638, 71 NE 43 (1904). Even though the principal plaintiff is a minor, we do not consider the error so prejudicial or reprehensible as to require reversal in the absence of objection as was the case in Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564 (1960), and cases cited therein. We feel this error could have been cured by the court upon proper objection. Plaintiffs' counsel chose rather to debate the erroneous comments in his rebuttal argument by stating:

"Now it is very easy and unreasonable to say, ladies and gentlemen, what would you do under circumstances like that, because no one wants to be charged with this sort of thing, and even though you never may be anywhere in a position like that, you go into the juryroom and say, 'This might happen to me some day, and I don't want to be charged with it.' "

"This is the most unfair argument you can have. What would you do if this happened to you? This isn't what you have to decide today."

"And I am not going to say, 'What would you want for your child,' I am not going to use that argument. That would be unfair. What would anybody want to give any other child under the same or similar circumstances? And I am sure your decision will be just as fair as you can possibly make it to be, and that is all we want."

▇▇ Able counsel may prefer to permit slight error or informality of procedure or argument by opposing counsel to take place without objection in order to take advantage of it in his own argument. Having done so he may not later complain of the permitted error "for the reason that an objection and the ensuing colloquy could serve only to emphasize the prejudice caused by the remarks" as stated in his briefs.

The trial court ruled that the parties received a fair trial and we agree.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.