Millen, Appellant, *v.* Miller.

*Murray Mackson,* with him *Dower, Mackson, Hauff & Hettinger,* for appellant.

*Robert R. Reeder,* with him *William H. Bayer,* and *White and Williams,* for appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

In this appeal, we must decide whether the trial court erred in its charge to the jury and in failing to caution the jury against considering certain of defense counsel's remarks in closing argument.

The instant matter arises from a wrongful death and survival action instituted by the administrator of minor-decedent's estate. On April 30, 1970, between 8:30 and 9:00 p.m., plaintiff's decedent, Wyatt Millen, age 13, left his home to buy milk for the family. He walked in a westerly direction on the north side of Route 443 in Mahoning Township, Carbon County. There were no sidewalks on the side of the highway, but there was a dirt berm approximately eight feet wide. The climatological and highway conditions were disclosed as follows: the road was straight and level;

visibility good; weather clear and dry; and, no obstructions at the point of impact and extending in either direction for about one-half mile. At a point in the road, plaintiff's decedent was struck and killed by a motor vehicle traveling in the same direction as he had been walking.

The case was tried before a jury on January 27 and 28, 1971, the Honorable Albert H. HEIMBACH, President Judge, presiding. The jury returned a verdict for the defendant. Post-trial motions were denied, and this appeal followed.

At the trial, Chief of Police, Norman Mertz, who investigated the accident, testified that he arrived at the scene at about 9:20 p.m. and found the body of decedent on the berm with defendant's automobile parked two hundred feet west of decedent's body. Chief Mertz questioned defendant who stated that she did not see decedent walking in the road. He further stated that his physical examination of the vehicle revealed two dents in the area of the right front headlight that appeared to be recent.

Defendant, Luella Miller, was called as on cross-examination and admitted that the dents were not on the vehicle earlier during the day of the accident. The following transpired with regard to questioning as to the cause of the accident: "Q. And, as you approached the scene of this impact, you had your lights on low beam. Is that correct? A. Yes. Q. And, I believe also, was it not true, that there was some cars approaching you in the opposite or easterly direction? A. Yes. . . . Q. Now, is it not so, Miss Miller, that as you proceeded westwardly and approached this scene about two of those cars coming eastwardly passed you? A. Yes. Q. And, as your attention was diverted to the cars at that point when they passed you, you felt a thud? A. Right. . . . Q. And was that the thud that occurred when your

vehicle struck the boy? A. Yes." The evidence therefore indicates that defendant failed to see plaintiff's decedent because of inattention to the road ahead of her caused by her observation of other cars moving in the opposite direction. We have examined the record and find no other reason for the failure of defendant to observe decedent. Furthermore, no evidence is present from which to infer that defendant did not strike decedent and cause his death.

## I. REMARKS OF COUNSEL IN CLOSING ARGUMENT

At the close of defendant's case, both sides made closing arguments. Defense counsel argued: (1) that he believed the defendant was not negligent and was firmly convinced she did not drive in such a manner and did nothing wrong; (2) that there might have been a safer route for the decedent to travel and that decedent might have been trotting or running in defendant's path; and, (3) that the jury should put itself "in the same shoes as the defendant", and ask what it would have done under the circumstances. Plaintiff's counsel at the close of defendant's argument immediately objected to each of the above arguments as improper, prejudicial, and unsupported by either the facts of the case or the law. The trial judge did not caution the jury as to any impropriety in defense counsel's arguments.

The conduct of counsel in a trial should be directed toward a presentation of the issues. While counsel usually has great latitude in his closing argument, he may not present facts to the jury not in evidence and which are prejudicial to the opposing party. *Clark v. Essex Wire Corp.*, 361 Pa. 60, 63 A. 2d 35 (1949) ; *Bullock v. Chester & Darby Telford Road Co.*, 270 Pa. 295 113 A. 379 (1921) ; *Malek v. Gimbel Brothers, Inc.*, 193 Pa. Superior Ct. 182, 164 A. 2d 62 (1960). There was

absolutely no evidence in the record that there was a safer route for the decedent to take or that the decedent was trotting or running. Such evidence would have implied an element of contributory negligence. Prior to closing arguments, the trial judge informed counsel that there was no evidence of negligence on the part of decedent. Having no evidence to support him, defense counsel erroneously and prejudicially argued inferences not in the record. This constituted error, and was promptly objected to by plaintiff's counsel.

Furthermore, it is basic to accepted trial practice that counsel may not so comment on the evidence as to remove an issue of credibility from the province of the jury. See *Stassun v. Chapin,* 324 Pa. 125, 188 A. 111 (1936). In the instant case, defense counsel was permitted to state his own personal conviction and belief as to the credibility of the defendant. Defense counsel compounded error by arguing the "golden rule" to the jury. The "golden rule" argument involves an appeal to the jury to place itself in the shoes of one of the parties and ask themselves what each of them would have done under the circumstances of the case.

It is universal law that the standard of care in negligence cases is that of a reasonable man. The courts have uniformly reversed cases where a subjective standard was suggested to a jury. *Stanley v. Ellegood,* 382 S.W. 2d 572 (Ky., 1964); *Yerrick v. East Ohio Gas Co.,* 198 N.E. 2d 472 (Ohio App., 1964); *Copeland v. Johnson,* 63 Ill. App. 2d 361, 211 N.E. 2d 387 (1965). In *Copeland,* supra, at 367, 211 N.E. 2d at 390, the Court held: "It is error for a plaintiff's counsel to ask a jury to put itself in the position of a plaintiff . . . it is just as erroneous for a defense counsel to ask the jurors to place themselves in the position of a defendant." An indispensable element to finding such comment to have constituted reversible error is the requirement that

opposing counsel make a prompt and specific objection on such grounds to give the trial court the opportunity to caution the jury to disregard the comments. See, *Copeland* and *Yerrick,* supra.

Appellee argues that although the trial court did not so caution the jury, the error if there was one was cured by a comprehensive and adequate charge to the jury both on its duty to apply a reasonable man standard and as to its function in testing the credibility of witnesses. We do not agree. Plaintiff's counsel objected to counsel's closing argument immediately after the comments were made. The objections were specifically directed at the nature of the error. The prejudicial comments once implanted in the minds of the jurors could be removed only by immediate cautionary instructions to the jury. We do not believe that a charge of the court, absent specific cautionary instructions regarding error committed during the course of the trial, can adequately call the jury's attention to such error. For the same reason, our Supreme Court has held that the trial court must instruct the jury that an improper argument be disregarded.[1] *Gibbons v. Penna. R.R. Co.,* 291 Pa. 141, 139 A. 743 (1927).

## II. THE TRIAL COURT'S CHARGE TO THE JURY

Appellant has alleged numerous errors in the trial court's charge to the jury. An examination of the record discloses error in one critical point.[2] The trial judge

---

[1] By this opinion we do not imply that the burden falls upon the trial court to act as overseer regulating counsel's conduct and every comment. It is the duty of opposing counsel, in all but cases involving basic and fundamental error, to object promptly and call specific attention to the court of the error complained.

[2] From a reading of the entire charge of the court, we cannot say that the trial court erred in denying plaintiff's points for charge.

charged the jury in the following manner: "Now, members of the jury, this young man is presumed to have exercised due care, the law says that, where there isn't any concrete evidence to show otherwise. So I charge you in this case this young man was presumed to have exercised due care under the circumstances, and his death was through no fault of his, nor did he contribute to his death by any action. Now that doesn't mean that this is a directed verdict that you shall find negligence, because you might find that he hadn't been struck by the defendant's car at all, that some other car may have struck him. There are many things that you might find, members of the jury, and that is why circumstantial evidence does come into play, to deduce from all the evidence that has been presented to you circumstantially as to where this boy met his death and who caused the death. You, of course, will have to find that it was this defendant who caused his death and that his death was caused by her negligence in order for the plaintiff to recover."

We have searched the record and find absolutely no evidence to support such a charge. On the contrary, decedent's body was found near defendant's car; the injuries that caused his death were found to have been caused by impact with an automobile; defendant, while saying that her attention was diverted from the road by oncoming cars and did not see decedent on the road, admitted she felt a thud at the front right portion of her vehicle; she further admitted that dents found on the car immediately after the police came on the scene

---

The trial judge ably and adequately covered plaintiff's requests for more specific instruction in his charge. Furthermore, as error appears to have been committed in the trial court's suggestion that decedent might have been struck and killed by another car, we do not have to reach the question of the propriety of the trial court's charge on "unavoidable accident".

had not been there the morning of the accident. There was no evidence that another car was involved in the accident or that such a car struck decedent before or after defendant felt "a thud" at the point in the road where decedent's body was found.

Our Supreme Court, in *Marlowe v. Travelers Ins. Co.*, 313 Pa. 430, 169 A. 100 (1933), reversed the lower court for a similar unsupported charge. The case involved a suit on a life insurance policy to recover double indemnity for death of the insured allegedly caused by violent, accidental means. At the trial defendant inferred that decedent had either committed suicide or that his wife had killed him. There was no evidence in the record to sustain a finding of either suicide or homicide. Testimony strongly indicated accidental death. The trial judge affirmed defendant's point for charge on the question of the effect of a finding that wife killed husband. The jury returned a verdict for the defendant. The Supreme Court reversed, stating at 432: "It is manifestly improper for a court, as here, to submit to a jury, for their determination, a point which the evidence does not warrant." Quoting ancient, but well-settled language from another case, the Court went on to say: " 'To submit a fact, destitute of evidence, as one that may, nevertheless, be found, is an encouragement to err which cannot be too closely observed or unsparingly corrected.' " *Marlowe, supra* at 433. (Citation omitted).

A charge to the jury that they could infer that decedent was struck and killed by a car driven by someone other than the defendant was an unwarranted submission of a fact for which there was no evidence. Such a charge may do no less than invite the jury to an inquiry in which their only guide is suspicion or conjecture. The trial court's charge on this point was calculated to ignore the clear evidence of the case. We

are unable to say that the errors committed in the proceedings below did not bring about the verdict in favor of the defendant, or that those errors did not fatally prejudice plaintiff's case.

For the reasons stated above, the judgment is reversed, and the cause remanded for a new trial.

JACOBS, J., dissents.