JOURNAL ENTRY AND OPINION
Plaintiffs Shirley and Manuel Vicario appeal from the judgment of the trial court that directed a verdict in favor of defendant (PMS) in plaintiffs' action for negligence. For the reasons set forth below, we reverse and remand for further proceedings.
On March 26, 1999, plaintiffs filed this action against Prime Medical Services, Inc. (PMSI), various John Doe defendants, and the Ohio Bureau of Workers Compensation.[1] Plaintiffs asserted that Shirley Vicario, a nurse at Fairview General Hospital, was injured while removing a portable anesthesia cart from a truck owned by PMSI. Plaintiffs claimed that defendants failed to use reasonable care for Shirley Vicario's safety, failed to warn her of latent defects, and failed to maintain safe work premises and that defendants' actions resulted in a loss of consortium for Manuel Vicario. The matter proceeded to trial before a visiting judge on October 11, 2000. Plaintiffs presented the testimony of Shirley Vicario, Manuel Vicario, and Robert Grimmer, Jr. In addition, the depositions of Randy Reed, Lee Hang-Fu, M.D., and James Culver, M.D., were read to the jury. Following the presentation of plaintiffs' case, the trial court directed a verdict for defendants.
On October 25, 2000, plaintiffs filed a motion for a new trial, pursuant to Civ.R. 59(A)(1), citing irregularities by the trial judge. In an affidavit offered in support of this motion, plaintiffs' attorney averred that the judge was rude to him, rushed him in the presentation of his case, that he left the bench for the entire time that two (2) of the three (3) depositions were read into the record and retired to his Chambers, and that the judge told the court reporter, before the depositions were read into the record, that she would be done with the case after lunch. The trial court denied the motion for a new trial and plaintiffs now appeal, assigning two errors for our review. For the sake of convenience, we shall address the second assignment of error first.
Plaintiffs' second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFFS-APPELLANTS' MOTION FOR A NEW TRIAL.
Here, plaintiffs assert that they were entitled to a new trial because the lower court had already decided to enter a directed verdict prior to the close of plaintiff's case. In support of this assignment of error, plaintiffs cite the facial expressions of the trial judge, the judge's short voir dire, and the judge's admonitions to plaintiffs' counsel. Plaintiffs also assert that the judge informed the court reporter, prior to the close of plaintiffs' case, that she would not be needed in the afternoon.
Pursuant to Civ.R. 59(A), the trial court may grant a new trial to any party on any issue upon any number of specified grounds, including: "Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial[.]" In addition, a trial court has the discretion to grant a new trial for "good cause shown." Civ.R. 59(A). The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307, 312; Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773.
With regard to the alleged irregularities cited in this instance, we note that a trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity. State v. Wagner (1992), 80 Ohio App.3d 88,93; Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309, 322.
We further note that Civ.R. 50(A) governs the granting of a motion for a directed verdict and provides in pertinent part as follows:
 (4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
A motion for directed verdict raises a legal question as to the sufficiency of the evidence to take the case to a jury and resolving the motion does not entail weighing the evidence or determining the credibility of the witnesses. Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68-69. The motion is properly granted if, after construing the evidence in the light most favorable to the nonmoving party, reasonable minds could only find in favor of the movant on a determinative issue. Gliner v. Saint-Gobain Norton Indus. Ceramics Corp. (2000), 89 Ohio St.3d 414, 415. Thus, it is axiomatic that the trial court must consider all of the evidence presented by the plaintiff in order to determine whether to grant the motion.
It is also axiomatic that a trial judge has supervisory authority over the action and the role of the judge is to keep errors to a minimum and prevent deviation from proper presentation of the case. See United States v. Junious (C.A.6, 1988), 848 F.2d 194. At all times counsel is subject to the supervision of the trial judge. Yerrick v. East Ohio Gas Co. (1964), 119 Ohio App. 220.
In this instance, plaintiffs' attorney averred, in an affidavit in support of his motion for a new trial, that prior to the entry of the directed verdict, the trial judge left the bench for the entire time that two (2) of the three (3) depositions were read into the record and retired to his Chambers. Nothing was offered by defendants or the trial judge to refute this claim and there is nothing in the record from which we may conclude that the trial judge had previously read the depositions before directing a verdict for defendants. Accordingly, we conclude that the conduct of the trial judge was prejudicial herein in light of the trial judge's duty to evaluate all of plaintiffs' evidence before directing a verdict. Cf. Carlin v. Anthony (Feb. 12, 1998), Cuyahoga App. No. 72150, unreported, (trial judge's absence from courtroom during playing of videotape deposition not error in light of Sup.R. 13(B)(5) where the matter proceeded to a jury verdict). Moreover, the depositions of the doctors required the judge to determine whether they qualified as medical experts. Finally, we note that while the absence of the judge may in certain instances be permitted, Sup.R. 13(B)(5) provides that in the absence of the judge, a responsible officer of the court shall remain with the jury and there is no indication that this portion of the rule was complied with herein.
This assignment of error is well-taken. We reverse and remand for further proceedings but we make no determination of the merits of plaintiffs' contentions upon remand.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., CONCURS. JAMES J. SWEENEY, J., CONCURS IN JUDGMENT ONLY (SEE ATTACHED CONCURRING OPINION)
[1] In an amended complaint, plaintiffs added Fairview General Hospital (Fairview) as a defendant herein. Fairview, a self-insuring employer, filed a counterclaim for subrogation.