J-S27023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN HARRIS | : | |
| | : | |
| Appellant | : | No. 1418 EDA 2018 |

Appeal from the Judgment of Sentence Entered January 25, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008432-2009

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 30, 2020**

Devin Harris (Appellant) appeals *nunc pro tunc* from the judgment of sentence[1] entered in the Philadelphia County Court of Common Pleas, following his jury convictions of involuntary deviate sexual intercourse[2] (IDSI) and related offenses.  He avers: (1) the trial court erred in allowing the Assistant District Attorney, who prosecuted this case at the preliminary

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This appeal followed the trial court's May 15, 2018, order, which reinstated Appellant's direct appeal rights *nunc pro tunc*.  Appellant's counseled notice of appeal mistakenly purported to appeal from this order.  We have amended the caption to reflect the appeal lies properly from the judgment of sentence, which was entered January 25, 2013.

[2] 18 Pa.C.S. § 3123(a)(1).

hearing, to testify at trial; and (2) the evidence was insufficient to support his convictions. We affirm.

R.W. (Mother) testified to the following at trial: she and Appellant were previously in a relationship and have a daughter. N.T., 8/29/12, at 36. In January of 2009, their daughter (then aged 3), as well as R.W.'s twin sons, R.W.[3] and T.W. (then aged 7), stayed with Appellant for a weekend visit. *Id.* at 36-37. When Appellant returned the children to Mother's house, R.W. told Mother that Appellant touched his "wee-wee and . . . butt." *Id.* at 38. Mother asked Appellant if he touched R.W., but Appellant said R.W. was lying. *Id.* at 39. However, T.W., who was upstairs, came downstairs and said "[Y]ou wasn't supposed to say nothing. It was a secret." *Id.*

The following day, Mother reported the incident to her sons' school, who then contacted the Philadelphia Police Department. N.T., 8/29/12, at 41-42. Approximately two months later, in March of 2009, T.W. told Mother that Appellant had also touched him. *Id.* at 46. Subsequently, Detective Linda Blowes of the special victims' unit interviewed R.W., T.W., Mother, and Appellant.[4] N.T., 8/29/12, at 43; N.T., 8/30/12, at 67-68, 85-86.

---

[3] We note Mother and her child both have the initials R.W. For ease of discussion, we refer to Mother as "Mother" and to the child as "R.W."

[4] Appellant's statement, in which he denied touching either child, was introduced at trial *via* Detective Blowes' testimony. N.T., 8/30/12, at 68-80.

Appellant was charged with multiple offenses. This matter proceeded to a jury trial commencing August 29, 2012. R.W. and T.W., who were then 10 years old, each testified that Appellant removed their pants and "put his wee-wee[, indicating his penis,] in [their] butt." N.T., 8/30/12, at 6, 32-36. R.W. also testified that after Appellant bathed him, Appellant "licked [his wee-wee.]" *Id.* at 9. The Commonwealth also called to testify Mother, Detective Blowes, as well as the prior Assistant District Attorney, Adam Geer, Esquire, who previously prosecuted this case at the preliminary hearing.[5] *Id.* at 49-50. He testified about his interviews of Mother, R.W., and T.W. *Id.* at 52-53. Appellant did not object to any of Attorney Geer's testimony, and briefly cross-examined him. *See id.* at 48-64.

Appellant did not testify, but presented a stipulation that if his father, brother, and son were called to testify, they would state they know Appellant and other people who also know Appellant, and that Appellant had a good reputation as a peaceful, law-abiding citizen. N.T., 8/31/12, at 4-5.

The jury found Appellant guilty of IDSI by forcible compulsion, indecent assault of a person less than 13 years of age, endangering welfare of children (EWC), and corruption of minors.[6] On January 25, 2013, the trial court

---

[5] At the time of trial, Attorney Geer was no longer with the District Attorney's Office. N.T., 8/30/12, at 49.

[6] 18 Pa.C.S. §§ 3126(a)(7), 4304(a)(1), 6301(a)(1).

imposed an aggregate sentence of 12.5 to 25 years' imprisonment.[7] Appellant did not file a post-sentence motion.

Appellant initially filed a timely, counseled notice of appeal on February 25, 2013. The appeal was dismissed, however, on May 16, 2013, for counsel's failure to file a docketing statement. **Commonwealth v. Harris**, 879 EDA 2013 (order) (Pa. Super. May 16, 2013), *citing* Pa.R.A.P. 3517. This Court's order directed counsel to file a certification, within 10 days, "stating that [Appellant] has been notified of the entry of this order." **Id.** However, the Superior Court docket for that appeal indicates no such certification was filed.

On July 21, 2014, Appellant filed a *pro se* petition under the Post Conviction Relief Act[8] (PCRA). The PCRA court appointed Christopher Evarts, Esquire, who, on February 28, 2017, initially filed a **Turner**/**Finley** letter.[9] Counsel averred, *inter alia*, that Appellant's PCRA petition was untimely

---

[7] The trial court's opinion stated Appellant's aggregate sentence was 10 to 20 years' imprisonment, while the Commonwealth states it was 15.5 to 31 years. **See** Trial Ct. Op., 12/4/18, at 1; Commonwealth's Brief at 8. Appellant's brief does not state the sentence. Our review of the sentencing order, however, reveals the following: (1) 2.5 to 5 years each for indecent assault, EWC, and corruption of minors, all to run concurrent with each other but consecutive to: (2) 10 to 20 years for IDSI. Deferred Sentence, 1/25/13.

[8] 42 Pa.C.S. §§ 9541-9546.

[9] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)

because it was filed beyond the general one-year filing period. **See** 42 Pa.C.S. § 9545(b)(1), (3).

Approximately two months later, on April 25, 2017, however, Attorney Evarts filed an amended PCRA petition on Appellant's behalf, averring prior appeal counsel failed to provide Appellant the "10 day notice . . . that [appeal counsel] failed to timely file an appellate brief [sic]."[10]  Appellant's Amended Petition Under Post-Conviction Relief Act, 4/25/17, at 1.

On February 12, 2018, the trial court ordered, by signing an entry in the docket, that Appellant's appeal rights be reinstated *nunc pro tunc*.  (No separate order appears in the certified record.)  This docket entry stated the Commonwealth did not object, but provided no further reasoning.

Preliminarily, we conclude Appellant's July 21, 2014, *pro se* petition was filed beyond the PCRA's one-year filing period.  **See** 42 Pa.C.S. § 9545(b)(1), (3).   However, Appellant would be entitled to relief under the "newly-discovered" evidence timeliness exception at Subsection 9545(b)(1)(ii), pursuant to **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017).  **See** 42 Pa.C.S. § 9545(b)(1)(ii) (petition alleges "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"); **Burton**, 158 A.3d at 638 ("[T]he presumption that information which is of public record cannot be

---

[10]  Puzzling, on October 24, 2017, Attorney Evarts filed a second **Turner**/**Finley** letter, nearly identical to the one filed on April 25th.

deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) **does not apply** to *pro se* prisoner petitioners."). Appellant has been incarcerated since this Court dismissed his prior appeal, and counsel failed to comply with this Court's directive to file a certification confirming counsel advised him of the dismissal. Accordingly, we conclude the trial court had jurisdiction to hear Appellant's petition and to grant relief in the form of reinstatement of his direct appeal rights *nunc pro tunc*.[11] ***See Burton***, 158 A.3d at 638.

---

[11] Subsequently, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Order, 5/29/18. Attorney Evarts filed a statement which averred in sum, "1. The verdict was against the sufficiency of the evidence." Appellant's "1925 b statement," 6/19/18. The trial court's opinion suggested this issue should be deemed waived for failure to specify which elements of which offenses were allegedly not proven. Trial Ct. Op., 12/4/18, at 3, *citing* **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008).

Furthermore, as referenced above, the notice of appeal, filed by Attorney Evarts, stated the appeal was taken from the May 15, 2018, order reinstating his direct appeal rights. On October 24, 2018, this Court issued a *per curiam* rule for Appellant to show cause why this appeal should not be quashed because he would not be aggrieved by an order reinstating his direct appeal rights. Attorney Evarts did not respond, and this Court discharged the rule, but referred this issue to the merits panel. Order Discharging Rule to Show Cause, 1/10/19. Because we deem this appeal is taken from the January 25, 2013, judgment of sentence, we conclude this Court properly has jurisdiction.

We further note that on February 25, 2019, this Court noted Attorney Evarts failed to file a brief, and thus remanded this matter for the trial court to determine whether counsel abandoned Appellant. Attorney Evarts responded, on March 1st, that he did not receive notice of the briefing schedule, and requested that Appellant's appellate rights be reinstated. This Court denied the reinstatement request, as Appellant's appeal remained pending. Order, 3/20/19.

We now proceed to the issues presented for our review:

1. Was it an error for Adam Geer, Esquire, the prosecutor who represented the Commonwealth at the preliminary hearing, to testify as a witness during the trial?

2. Was there insufficient evidence to convict Appellant . . . of the charges with respect to both complainants?

Appellant's Brief at 3.

In his first issue, Appellant argues that, under Pennsylvania Rule of

Professional Responsibility 3.7[12] and its comment, "[a]n attorney should not

_____

The trial court conducted two hearings and determined Attorney Evarts abandoned Appellant. Accordingly, the court appointed present counsel, Douglas Earl, Esquire, and he filed an amended Rule 1925(b) statement on April 17, 2019. On May 24th, Appellant filed a motion for remand in this Court, so that the trial court could issue a supplemental opinion addressing the additional issues raised in the amended Rule 1925(b) statement. This Court granted the request, and the trial court filed a supplemental opinion on September 5, 2019.

[12] Rule of Professional Conduct 3.7, "Lawyer as Witness," states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

be used as a witness at a trial."[13]  Appellant's Brief at 11-13.  He then argues, in sum: "The effect of [Attorney Geer's] testimony at trial was to unfairly and prejudicially bolster the testimony of [Mother] and the minor complainants R.W. and T.W."  *Id.* at 13.

The trial court pointed out that Appellant did not object to Attorney Geer's testimony, and the Commonwealth contends this issue is waived.  **See** Trial Ct. Op., 9/5/19, at 2 (unpaginated); Commonwealth's Brief at 14.  We agree.  The record does not indicate — and Appellant does not claim — that he raised any general objection to the Commonwealth calling Attorney Geer as a witness, nor a specific objection to any portion of Attorney Geer's testimony.  **See** Pa.R.A.P. 2117(c) (where issue is not reviewable on appeal unless preserved below, statement of the case shall specify, with specific

_____

Pa.R.P.C. 3.7(a)-(b).

[13] Appellant also quotes a passage in **Millen v. Miller**, 308 A.2d 115 (Pa. Super. 1973), regarding defense counsel's closing arguments that, *inter alia*, "he believed the defendant was not negligent" and "that the jury should put itself 'in the same shoes as the defendant', and ask what it would have done under the circumstances."  **See** Appellant's Brief at 13.  **See also Millen**, 308 A.2d at 117 ("While counsel usually has great latitude in his closing argument, he may not present facts to the jury not in evidence and which are prejudicial to the opposing party. . . .  Furthermore, it is basic to accepted trial practice that counsel may not so comment on the evidence as to remove an issue of credibility from the province of the jury.").  Because the **Millen** discussion cited by Appellant did not address the issue presented here — whether a prior attorney may testify as a witness in the same matter — Appellant's reliance on **Millen** is not persuasive.

reference to places in record, where matter appears as will show that question was timely and properly raised below so as to preserve question on appeal). Indeed, Appellant engaged in cross-examination of Attorney Geer, eliciting testimony about his investigation in this case. N.T., 8/30/12, at 62-64. Accordingly, Appellant's challenge to Attorney Geer's testimony is waived for our review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Bryant**, 855 A.2d 726, 740 (Pa. 2004) (failure to raise contemporaneous objection to evidence at trial waives claim on appeal).

Moreover, even if this issue were not waived, Appellant has not presented any meritorious argument. He relies on Rule of Professional Conduct 3.7, which provides generally, "A lawyer **shall not act as advocate** at a trial in which the lawyer is likely to be a necessary witness . . . ." Pa.R.P.C. 3.7(a). The conduct to be precluded by the Rule is "act[ing] as an advocate" and not, as Appellant mistakenly claims, testifying as a witness. **See id. See also Commonwealth v. Bridges**, 757 A.2d 859, 875 n.17 (Pa. 2000) ("Rule 3.7 . . . provides that generally a lawyer should not act as an advocate at a trial in which he or she is likely to be a necessary witness."), *abrogated on other grounds*, **Commonwealth v. Freeman**, 827 A.2d 385 (Pa. 2003). Furthermore, the Rule focuses on an attorney's dual roles, as advocate and witness, at the same proceeding. While Attorney Geer previously represented

the Commonwealth in this matter, he was not acting as an advocate at the trial in which he testified.

Appellant's second claim is that the evidence was insufficient to convict him "of the charges with respect to both complainants." Appellant's Brief at 18. He acknowledges that R.W. "told [M]other and Detective Blowes that he was touched in certain places," but Appellant maintains R.W. never told them "about any licking, although he mentioned that in court." *Id.* at 21. With respect to T.W., Appellant alleges that in the two days after R.W. made his allegation, T.W. told Mother and Detective Blowes "that nothing happened," and furthermore, at trial, T.W. denied he said "anything about a secret." *Id.* at 21-22. Meanwhile, Appellant avers, he "freely gave a statement" to Detective Blowes, in which he denied the children's allegations. *Id.* at 22. Appellant alleges "[t]here was no physical evidence" and cites, without further explanation, "the respective ages of the victim and [him], the atmosphere and physical setting in which the incident was alleged to have taken place." *Id.* No relief is due.

We note the relevant standard of review:

[We determine] whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. [W]e may not weigh the evidence and substitute our judgment for the fact-finder. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. [I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of

the evidence produced is free to believe all, part or none of the evidence. . . .

**Commonwealth v. Gibbs**, 981 A.2d 274, 280-81 (Pa. Super. 2009) (citation omitted). Furthermore, "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." **Commonwealth v. McDonough**, 96 A.3d 1067, 1069 (Pa. Super. 2014).

Appellant was convicted of IDSI under this subsection of the Crimes Code: "A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant . . . by forcible compulsion[.]" 18 Pa.C.S. § 3123(a)(1). "Deviate sexual intercourse" is defined as "[s]exual intercourse per os or per anus between human beings . . . ." 18 Pa.C.S. § 3101.

"A person is guilty of indecent assault if the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]" 18 Pa.C.S. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

"A parent, guardian or other person supervising the welfare of a child under 18 years of age . . . commits [EWC] if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). Finally, anyone over the age of 18, who "by any act

corrupts or tends to corrupt the morals of any minor less than 18 years of age" commits the offense of corruption of minors. 18 Pa.C.S. § 6301(a)(1).

In addressing Appellant's claim, the trial court considered T.W.'s and R.W.'s trial testimony:

T.W. testified . . .:

Q. Can you tell the jury what [Appellant] did, please?

A. He asked can I get a lick? And then he pulled down my pants and then he pulled down his underwear and stuck his wee-wee in my butt.

Q. When he said can he get a lick, did you know what he meant by that?

A. Yes, because he would do it to me all the time.

\* \* \*

Q. . . . . What happened after he put his wee-wee in your butt?

A. Milk started coming out, and he had to take me to the bathroom to wipe it off.

Q. Did you see the milk?

A. Yes, because it came from his wee-wee (indicating).

[\* \* \*]

Q. When you say his weenie went in your butt, do you mean it actually went inside?

A. Yes.

Q. And how did you know?

A. Because my hole started to get [smaller or] bigger.

- 12 -

Q. Your hole started getting bigger?

A. Yes.

Q. Okay. Do you mean you could feel that?

A. Yes.

[N.T., 8/30/12, at 32, 35, 38.]

    Similarly, R.W. . . . recalled "[Appellant] pulled down my pants and then he put his wee-wee in my butt." N.T. 8/30/12 at 6. R.W. described an incident when he was age seven . . . that occurred in the bathroom[: "Appellant] washed me up, and then when he dried me, he looked at my wee-wee and then licked it, and then he took me out of the tub." *Id.* at 8-9. According to R.W., Appellant's assault made him feel "gross." *Id.*

Trial Ct. Op., 9/5/19, at 2-3. The court concluded: "The testimony at trial established that Appellant inserted his genitalia into both six year old Complainants' buttocks and ejaculated. The jury was free to believe the testimony of the children, which they chose to do as such by finding Appellant guilty." Trial Ct. Op., 12/4/18, at 4.

Contrary to Appellant's argument, the Commonwealth was not required to present physical evidence of his offenses. Instead, R.W.'s and T.W.'s testimony was sufficient to establish the elements of the offenses. *See* *McDonough*, 96 A.3d at 1069. To the extent he argues R.W. and T.W.'s testimony should not have been believed, we reiterate the jury was "free to believe all, part or none of the evidence," and this Court "may not weigh the evidence and substitute our judgment for the fact-finder." *See Gibbs*, 981 A.2d at 280-81. In light of the foregoing, we conclude that, viewing all the

evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the jury to find every element of the charged offenses beyond a reasonable doubt. *See id.* Thus, no relief is due, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020