**William J. WING, Appellant,**

v.

**George BRITTON and the City of Springdale, Arkansas, Appellees.**

**No. 84–1455.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Nov. 26, 1984.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Thurston A. Thompson, Springdale, Ark., for appellees.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

On December 16, 1980, William Wing was riding as a passenger in an automobile driven by William Burrell when the car was stopped by Officer George Britton of the Springdale Police Department. Britton proceeded to give Burrell a sobriety test, and Wing got out of the car to watch. Britton ordered Wing to get back in the car but Wing refused.

Burrell failed the sobriety test and Britton arrested him for driving while intoxicated. Britton then approached Wing, observed that he also was intoxicated, and arrested him for public intoxication. Wing

claims that Britton then hit him on the left side of the face with his flashlight, while Britton claims that he struck only because Wing punched him when he arrested Wing. Wing was knocked to the ground and claims he was unconscious for a few moments. When he came to, he was unable to stand up because his leg was broken. Wing does not remember what caused the break. A doctor who testified for Wing stated that a direct blow to the leg could have caused the fracture; a doctor who testified for the defense stated that it could have been caused by torque on the leg from falling down with the foot in a fixed position.

Wing sued Britton and the City of Springdale under 42 U.S.C. § 1983, alleging that Britton had used excessive force in the arrest. Wing sought to impose liability on the city on two different theories. First, he alleged that the city had known that Britton had a propensity for violence and had failed to exercise proper control over his activities. Second, he argued that Ark. Stat.Ann. § 19–1702 imposes liability on Arkansas sheriffs for the torts of their deputies and that such liability was properly shifted to the City of Springdale under *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1977) and *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

At the conclusion of Wing's case, the District Court[1] granted a motion for summary judgment against Wing on his claim against the city, finding the evidence of propensity insufficient to take the case to the jury and rejecting Wing's state law argument. The jury returned a verdict against Wing on his claim against Britton.

Wing appeals the decision below to this Court, contending (1) that the District Court erred in instructing the jury on reasonable force and self-defense, and (2) that the District Court erred in directing a verdict against Wing on his claim against the city.

## I.

The specific instructions claimed by Wing to constitute reversible error are Instruction No. 11 and Instruction No. 12.

Instruction No. 11 reads, in relevant part:

The Arkansas state statute applicable to this case and in full force and effect at all times relevant to this proceeding, reads as follows:

41–506. Justification—Use of physical force in defense of a person,—(1) A person is justified in using physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force that he reasonably believes to be necessary ....

Appendix at A28.

Instruction No. 12 reads:

The defendant, George Britton, had the lawful authority, under state law, to use such physical force as may have been reasonably necessary to enforce compliance with proper instructions, and to protect himself from physical harm at the hands of any person being detained.

So, even though you should find from a preponderance of the evidence in the case that the acts alleged by the plaintiff were in fact knowingly done by the defendant, George Britton, if you also find that they were done for lawful purpose, such conduct of the defendant was not beyond the bounds of his lawful authority under state law, and so was lawful unless you further find, from a preponderance of the evidence in the case, that the defendant used more or greater force or means on the plaintiff than would have appeared to a reasonable person, in like circumstances, to be necessary in

---

1. The Honorable H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas.

order to accomplish the lawful purpose or purposes intended.

*Id.* at A29.

Wing objects to these instructions on several grounds. First, he contends that the Court's instructions improperly placed the burden of defeating Britton's claim of self-defense on him and erroneously placed the burden on him to prove the unreasonableness of Britton's acts, instead of placing the burden on Britton to prove their reasonableness. Second, he contends that the Court's Instruction No. 11 was improperly taken from the Arkansas Criminal Law. Third, he contends that the instructions incorrectly injected a subjective standard for evaluating Britton's conduct; Wing argues that under the instructions, Britton had a right to use excessive force as long as he believed it necessary, even if a reasonable person did not.

■ Wing had submitted a proposed instruction for the jury which stated: "Self-defense is an affirmative defense to the plaintiff's claim, and the burden of proving this defense, by a preponderance of the evidence in the case, is on the defendant." Appendix at A–25. We find that the District Court properly rejected this instruction. Though such an instruction might in some cases be appropriate in a state action for assault and battery when a defendant alleges self-defense,[2] Wing sued under 42 U.S.C. § 1983. In a § 1983 action, the plaintiff bears the burden of proving that the defendant, while acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Buller v. Buechler,* 706 F.2d 844, 846–47 (8th Cir.1983). Thus, in a case where the alleged deprivation is the use of excessive force in the course of an arrest,

the plaintiff must prove that the defendant used excessive force while arresting him.[3] *Cf. Stone v. City of Chicago,* 738 F.2d 896, 900 (7th Cir.1984); *Kerr v. City of Chicago,* 424 F.2d 1134, 1140–41 (7th Cir.), *cert. denied sub nom., Mohan v. Kerr,* 400 U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64 (1970). Instruction No. 12, which was taken from Devitt and Blackmar, *Federal Jury Practice and Instructions* § 92.12 (3d ed. 1977 and Supp.1983), therefore correctly placed the burden on Wing of showing Britton's use of excessive force in making the arrest or in overcoming any resistance he encountered while making the arrest.

■ We also find no reversible error in the fact that the District Court took Instruction No. 11 from the Arkansas Criminal Law. We believe that since Instruction No. 11 adequately states the law of Arkansas applicable to the situation which was the focus of this lawsuit, it is irrelevant from whence the instruction came. Of course, had the instruction as given retained any reference to a standard of proof beyond a reasonable doubt and thereby instructed the jury that it must find for Britton had there been a reasonable doubt that he acted reasonably, this Court would be bound to reverse the District Court. But there was no mention of proof beyond a reasonable doubt in Instruction No. 11; indeed, there can be no question when reading Instruction No. 11 and Instruction No. 12 together that the jury was instructed to find for Wing if it found by a preponderance of the evidence that Britton used more or greater force on Wing than a reasonable person would have in like circumstances.

■ Finally, we disagree with Wing's contention that under Instruction Nos. 11 and 12, Britton had a right to use excessive

**2.** It is not clear that Wing would have been entitled to his proposed instruction even had he sued Britton under Arkansas law. Wing cites *Robertson v. Sisk,* 115 Ark. 461, 171 S.W. 880 (1914) for the proposition that the burden is on a defendant to prove self-defense. In *Orr v. Walker,* 228 Ark. 868, 310 S.W.2d 808, 811 (1958), on the other hand, the Supreme Court of Arkansas found no error in an instruction that placed the burden on the plaintiff to show that a police officer used more force than necessary in

overcoming resistance encountered in the course of making a valid arrest.

**3.** This is not a case where the defendant pled good faith immunity as a defense to the § 1983 claim. Good faith immunity is an affirmative defense for which the defendant has the burden of proof. *Bauer v. Norris,* 713 F.2d 408, 411 n. 6 (8th Cir.1983).

force as long as he believed it necessary, even if a reasonable person did not. Nowhere in either instruction is there any indication that Britton's conduct could or should be excused based on his "actual belief" alone. Only Britton's "reasonable belief" or his belief "as a reasonable person" that force was necessary, and that the degree of force used was not excessive, was sufficient for the jury to find for him; the jury was thus instructed to apply not a subjective, but an objective standard.

We hold that the District Court did not commit error in instructing the jury.

## II.

■ Wing also contends that the District Court erred in directing summary judgment for the city. We find this contention to be without merit. Wing's claim against the city is based solely on Britton's actions. Thus, the city could not be liable for damages to Wing unless Britton caused Wing's injuries by using excessive force. Because our holding in Part I of this opinion affirms the jury verdict in Britton's favor, we hold that the direction of summary judgment for the City of Springdale at the close of Wing's case, even if wrong, did no harm, since the verdict in Britton's favor made a verdict in favor of the city inevitable. *See Buckeye Powder Co. v. DuPont Powder Co.*, 248 U.S. 55, 62, 39 S.Ct. 38, 39, 63 L.Ed. 123 (1918); *Union Trust Co. v. Woodrow Manufacturing Co.*, 63 F.2d 602, 605 (8th Cir.1933).

■ We are satisfied, moreover, that the District Court's grant of summary judgment in favor of the city was entirely correct. Wing's only evidence of the city's awareness of Britton's propensity for violence consisted of police reports of two incidents involving Britton. The first incident concerned a letter an angry citizen had written to the Chief of Police complaining that Britton had ticketed the citizen's daughter for causing the tires on her car to squeal during a turn. The citizen made no allegation of violent conduct by Britton. The second incident concerned a police report Britton had submitted in which he stated that he had poked an arrestee in the ribs with a flashlight to keep him from kicking out the window of a police car. The police department received no complaint about the second incident. These two incidents are patently insufficient even to show a propensity for violence, much less to raise an inference of knowledge on the part of the city sufficient to make the city liable under § 1983 for failure to control Britton's alleged propensity. These incidents thus did not raise any issues that should have been left for the jury. *Cf. Rogers v. Rulo*, 712 F.2d 363, 366 (8th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984); *Taken Alive v. Litzau*, 551 F.2d 196, 199–200 (8th Cir.1977).

■ Nor are we persuaded by Wing's theory that the City of Springdale should be vicariously liable for the police chief's statutory liability under Arkansas law for the actions of his deputies. It is true that *Monell* and *Owen* articulate the proposition that liability for civil rights violations should usually be shifted to a government entity to promote "the principle of equitable loss-spreading ... as a factor in distributing the costs of official misconduct." *Owen*, 445 U.S. at 657, 100 S.Ct. at 1418. But these cases also establish that it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. In the present case, Wing does not provide a reason why the state law which makes a chief of police responsible for the acts of his deputies should be viewed as a policy or custom of the city so as to spread such costs to the city's taxpayers. We believe as a matter of law that it should not be so viewed, and that the District Court was correct in not submitting this theory of liability to the jury.

We have examined Wing's other contentions and find them to be without merit.

The judgment of the District Court is affirmed.