Douglas **EDWARDS**, Appellant,

v.

**CITY OF PHILADELPHIA and Officer Haworth, James, Badge No. 2944.**

**No. 87–1602.**

United States Court of Appeals, Third Circuit.

Argued March 4, 1988.

Decided Oct. 25, 1988.

Rehearing Denied Nov. 21, 1988.

---

George F. Schoener, Jr. (argued), M. Mark Mendel, Ltd., Philadelphia, Pa., for appellant.

Jacqueline Urevick (argued), Barbara R. Axelrod, City of Philadelphia, Law Dept., Philadelphia, Pa., for appellee, City of Philadelphia.

Before SEITZ, HIGGINBOTHAM and COWEN, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr.,
Circuit Judge.

This is an appeal from the judgment entered on behalf of the defendants in an action alleging battery against the City of Philadelphia and an officer of its police force for the excessive use of force in effecting the arrest of the Appellant. Appellant contends that the district court erred in its denial of his motion for a new trial because of several incidents of error in the conduct of the trial, most particularly in the district court's charge to the jury. We have reviewed each of the contentions raised by the Appellant and are unpersuaded that the verdict of the jury, or the judgment entered by the district court in accordance, should be disturbed. Accordingly, we will affirm.

### I. Facts

This appeal arises from the action filed by Appellant, Douglas Edwards, against the City of Philadelphia and Philadelphia police officer, James Haworth, for violations of Edwards's federal civil rights and for battery and negligence which, Edwards alleged, resulted from excessive force that Haworth used in arresting Edwards in January, 1983.

Haworth, acting in his capacity as an on duty police officer, was patrolling an area in the twenty-second police district of Philadelphia in the early morning of January 29. At approximately 1:30 a.m. he received a general radio dispatch advising patrol cars in his area that an auto theft had occurred. Haworth proceeded to the street where the stolen vehicle had been spotted and saw Edwards running into an alley one block away. He pursued Edwards into the alley and shouted for him to stop. Edwards stopped running and Haworth, with his revolver drawn, approached him.

The occurrences in the alley immediately following the confrontation are disputed by the parties. Haworth testified that as he pressed Edwards, face forward, against a wall in the alley in order to search him, Edwards pulled a revolver from his right rear pocket and aimed it at Haworth's groin. Appendix ("App.") at 354, 368. At that point, Haworth testified, he shot Edwards.

Edwards testified that Haworth ordered him to put his hands on the wall and he complied. Edwards then testified that Haworth handcuffed him and, despite the fact that Edwards showed no resistance, Haworth "pushed [Edwards's] face into the wall several times ... [and Haworth's] revolver inexplicably went off while [Edwards] was being slammed into the wall." Appellant's Brief at 2, see also, App. at 117. The bullet struck Edwards in the back and exited through the front part of his body directly beneath his rib cage.

Edwards filed the underlying action alleging that Haworth's conduct was unwarranted and excessive and constituted a violation of Edwards's civil rights.[1] The case was tried before a jury which entered a verdict on behalf of the City and Haworth. Edwards challenges the judgment that was entered pursuant to the verdict and asserts several points of error in the district court's conduct of the trial and submission of issues to the jury.

### II. Burden of Proof of Excessive Force

Edwards asserts that the district court erred in its instructions to the jury regarding privilege and probable cause. He argues that, although Haworth had a privilege to use force in making a lawful arrest, cf. McKinney v. Whitfield, 736 F.2d 766, 769 (D.C.Cir.1984) ("physical contact batteries may qualify for absolute immunity when administered by federal security or law enforcement officers whose job it is to maintain order and the public peace"); Restatement (Second) of Torts § 118 (1965) ("[t]he use of force against another for the purpose of effecting his arrest and the arrest thereby effected are privileged" if

---

1. Edwards was charged with theft of an automobile, aggravated assault and possession of a firearm. The prosecution on the first of these charges was subsequently terminated because the government was unable to make a prima facie case. Edwards was acquitted of the remaining charges.

the arrest is lawful and the force used is not excessive), he had the burden of demonstrating that the force that he used to effect the arrest was reasonable. Edwards argues that Haworth's assertion of the privilege to use force in making an arrest is an affirmative defense to the tort of battery that underlies the § 1983 claim and, as with other affirmative defenses, the burden of proving that defense is on the party who invokes it. Edwards contends, therefore, that "[t]he burden is upon the defendant to prove that the force was reasonably necessary and the arrest was valid." Appellant's Brief at 10.

■ In his argument to the district court, it appears that Edwards contended that the burden of demonstrating the reasonableness of the force used was intertwined with the demonstration of probable cause and that each were elements of an affirmative defense for which Haworth had the burden of proof. The district court, correctly, rejected that argument and reasoned that

[i]t would defy logic, if on a plaintiff's claim of common law battery, the burden

of proof shifted to a defendant police officer and the law required him to demonstrate or to establish that probable cause for an arrest did in fact exist. Under the plaintiff's view ... each police officer who makes a valid arrest could be subjected to suit for battery and in each instance be required in a civil proceeding to establish that probable cause did in fact exist. Such a requirement could be overly burdensome to law enforcement officers, would spawn needless and frivolous litigation, and would be contrary to the Pennsylvania tort law.

*Edwards v. City of Philadelphia et al.,* No. 85–2057, Order Denying Motion for New Trial at 2–3 (E.D.Pa. Sept. 4, 1987), *reprinted in* App. at 668–669. On this appeal, Edwards concedes that the burden to negate probable cause in making the arrest falls to him.[2] He argues, however, that there is a distinction between probable cause to arrest and justification of the amount of force that is used in effecting that arrest. As to the latter, he contends that the burden of proof is properly placed upon the defendant:

**2.** Edwards maintains that there was an absence of probable cause to stop him and, therefore, that the detainment was improper and the use of *any* force unwarranted. On this record, however, we cannot conclude that Edwards has demonstrated that his arrest by Haworth was without justification.

Probable cause to arrest exists where "the facts and circumstances within [an officer's] knowledge and of which [that officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); *see also Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Curran v. Dural,* 512 F.Supp. 699, 703 (E.D.Pa.1981). In this case, Edwards has not demonstrated that that threshold was not reached. Edwards was seen running in an alley in the area where the radio dispatcher had advised that suspects of an auto theft had fled and which was one block away from the abandoned stolen car. Certainly, there is a problem inherent in the description of the suspects given by the dispatcher—they were identified only as "two negro males" and two "black males," *see* App. at 578—and without more, that description would not have been sufficient to

provide probable cause to arrest Edwards. *See, Davis v. Mississippi,* 394 U.S. 721, 725, 89 S.Ct. 1394, 1396, 22 L.Ed.2d 676 (1969) (arrest of defendant in dragnet arrests of 40–50 youths only on the information that a "Negro youth" had committed the crime, was not supported by adequate probable cause). On this appeal, however, we must take the facts in the light most favorable to the government. *See Collins v. Signetics Corp.,* 605 F.2d 110, 115 (3d Cir.1979) (appellate court has no authority to substitute its judgment for that of the jury); *see also Black v. Stephens,* 662 F.2d 181, 188–89 (3rd Cir.1981) (on appeal from jury verdict in § 1983 action facts, disputed by parties, viewed in light most favorable to the appellee), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982). On that premise, we note that Edwards was seen in the area near the abandoned stolen auto running down an alley away from a playground which, the dispatcher had advised Haworth, the suspects were fleeing pursuit by other officers. *See* App. at 350 (Haworth's testimony). On those facts, we conclude that Haworth had a reasonable basis to assume that Edwards was involved in the auto theft and, therefore, Haworth had probable cause to arrest him. *Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985) ("police officer may arrest a person if he has probable cause to believe [that] that person committed a crime.").

if the force used by the officer is that which is normally used to effectuate an arrest, and if the arrest was made with probable cause, then the officer would not be liable.... [but] if the force used was excessive, then the officer would be liable notwithstanding the existence of probable cause, i.e. "the initial privilege of arrest may be lost through the use of excessive force."

Appellant's Brief at 10–11 (quoting *Belcher v. United States*, 511 F.Supp. 476, 484 (E.D.Pa.1981)). Accordingly, Edwards argues that "if a police officer fails to prove that a lawful arrest occurred and that the force used was not excessive, he is not privileged and a verdict must be returned in favor of the plaintiff." Appellant's Brief at 11. He contends that because he has established a *prima facie* case of battery, (which he asserts is demonstrated on the record by Haworth's admission that he intended to shoot Edwards, *see* App. at 354–56), Haworth has the burden to prove that his liability for that battery is nullified by his privilege to arrest. We reject this contention.

■ Certainly, the use of excessive force will negate the privilege to commit a battery that accompanies a lawful arrest. *See Belcher*, 511 F.Supp. at 484; *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 672–73 (E.D.Pa.1978) (privilege to commit battery in the course of lawful arrest does not extend to the use of excessive force), *see also*, Restatement (Second) of Torts §§ 132, 133 (1965). Edwards has cited no authority, however, and we have discovered none for the proposition that the burden to demonstrate that the force used was not excessive is properly allocated to the defendant. Indeed, the case law on point holds precisely the opposite. In *Wing v. Britton*, 748 F.2d 494 (8th Cir.1984), for example, the Court of Appeals for the Eighth Circuit reviewed an appeal from a judgment that is closely analogous to the judgement appealed from in the present case. In *Wing*, the appellant sued a municipality and one of its police officers under § 1983 and under the common law theory of battery, for injuries that the appellant received during his arrest by the officer. The appellant contended that the officer had used excessive force during the arrest and, therefore, that he was not immunized by privilege from liability for the battery that he had committed.[3] The district court rejected that theory and, in its instructions to the jury, placed the burden of proof of excessive force upon the appellant. The court of appeals affirmed.

The decision of the appellate court was predicated upon that court's view that the demonstration of excessive force was an element of the § 1983 claim and, therefore, the burden of proving it fell to the appellant. The court held that

[i]n a § 1983 action, the plaintiff bears the burden of proving that the defendant, while acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.... Thus, in a case where the alleged deprivation is the use of excessive force in the course of an arrest, the plaintiff must prove that the defendant used excessive force while arresting him.

*Wing*, 748 F.2d at 497 (citations omitted). *Cf. Stone v. City of Chicago*, 738 F.2d 896, 900 (7th Cir.1984) (jury instruction providing that "[i]n order to prevail ... under [§ 1983], the plaintiffs must prove by a *preponderance of the evidence* ... that the individual defendants *used excessive force* in effectuating the arrests of the plaintiffs," (emphases in original), was proper and did not conflict with other instructions regarding burden of proof of defenses), *cf. also, Davis v. Lane*, 814 F.2d 397, 401 (7th Cir.1987) (in order to prevail on eighth amendment claim, inmate who was shot by prison guard had the burden to prove every element of the claim, including that the guard acted without justification). We agree that allocating this burden to the plaintiff, as part of the proofs that he or

---

3. The officer in *Wing* had asserted that in employing the force that he had in effecting the arrest of the appellant, he was acting in self-defense. The appellant argued, much in the same way that Edwards argues in the present case, that the officer's response raised an affirmative defense for which he, properly, should bear the burden of proof.

she must make to establish the elements of the § 1983 claim, is proper.

In order to make a *prima facie* case under § 1983, the plaintiff must demonstrate "that some person has deprived him [or her] of a federal right.... [and] that the person who deprived him [or her] of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed. 2d 572 (1980) (citing *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961), *overruled on other grounds*, *Monell v. Dep't. of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)). We have previously held that the use of excessive force in making an arrest "may deprive the victim of a fourteenth amendment 'liberty' without due process of law," *Black v. Stephens*, 662 F.2d 181, 188 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982), and, therefore, that the use of such force is actionable under § 1983. The occurrence of that deprivation, however, is the first element of the § 1983 claim and, accordingly, proving it is part of the plaintiff's burden.[4]

### III. The "Golden Rule"

Edwards also contends that the district court committed reversible error by failing immediately to caution the jury and instruct it regarding the impropriety of Haworth's counsel's use of a so called "Golden Rule" argument in his opening statement.[5] Edwards asserts that Pennsylvania law is applicable to this procedural question and cites a decision of the state court for the proposition that the use of such an argument is unfairly prejudicial. *See Millen v. Miller*, 224 Pa.Super. 569, 308 A.2d 115 (1973). In *Millen*, a panel of the Superior Court of Pennsylvania held that a judge's failure to caution the jury to disregard defense counsel's "golden rule" argument, after the offended party properly objected, constituted reversible error that could not be "cured by a comprehensive and adequate charge to the jury," because "[t]he prejudicial comments once implanted in the minds of the jurors could be removed only by *immediate* cautionary instructions to the jury." *Id.* at 574, 308 A.2d at 118 (emphasis added). Edwards argues, therefore, that since he had immediately objected to Haworth's counsel's statement, the failure of the district court to give a contemporaneous curative instruction requires reversal of the judgment that the district court entered on the jury's verdict. We do not agree.

As an initial matter, we note that federal law, and not the law of Pennsylvania, provides the controlling authority on this question. *See Waldron v. Hardwick*,

---

4. Our holding allocating the burden of demonstrating excessive force to the plaintiff in § 1983 cases does not appear inconsistent with Pennsylvania law concerning the allocation of burdens in suits against municipal officers for torts committed during the conduct of their authority and, therefore, a different result is not warranted for Edwards's pendent state common law claims of battery and assault. *Cf. Martinez v. E.J. Korvette, Inc.*, 477 F.2d 1014, 1016 (3d Cir. 1973) (construing Pennsylvania law in suit alleging malicious prosecution and holding that, under state law, "[t]he plaintiff has the burden of proving lack of probable cause and despite the difficulty of establishing a negative, the requirement is rigidly enforced"); *Curran v. Dural*, 512 F.Supp. 699, 704 (E.D.Pa.1981) ("[t]he Pennsylvania courts rigidly enforce the requirement that the plaintiff prove a lack of probable cause" in malicious prosecution cases).

5. During the opening statement by Mr. Thorpe, counsel for Haworth, the following exchange occurred:

THORPE: Plaintiff will get to put on its case before we get a chance to produce any evidence. So, keep your minds open and do not formulate any opinions until you have heard all the evidence as submitted by the defendant. Then I ask you to do one other thing. When you hear the testimony of Police Officer Haworth, I ask that you put yourselves in his shoes. When you listen to him try to see through his eyes that evening. Try to hear what he heard and try to experience what he was feeling.
SCHOENER (counsel for Edwards): Your Honor, I will object.
COURT: Counsel the opening statements and closing arguments are not evidence. You are not to interrupt further. Proceed.
THORPE: And I ask that while you listen try to experience what his feelings and what his thoughts were at that moment.
App. at 109–110.

406 F.2d 86, 88 (7th Cir.1969) ("propriety of counsel's argument to the jury is a question to be answered with reference to federal law"); *Baron Tube Co. v. Transport Insurance Co.*, 365 F.2d 858, 862 (5th Cir. 1966) (propriety of argument "is a matter of federal trial procedure."). Edwards notes, correctly, that this Court has not previously addressed the propriety of "Golden Rule" arguments. We do so now and hold that a clear and complete jury instruction on the elements of the claim asserted and on the allocation of the burdens of proof, whenever given, is sufficient to cure harm caused by a "Golden Rule" argument. In the present case, we are satisfied that the ultimate charge that the district court gave to the jury adequately presented the issues, and that the district court's denial of Edwards's request for an immediate curative instruction regarding the "Golden Rule" argument did not constitute error.

■ We are persuaded by the reasoning of the federal courts that have addressed this issue. We agree that the propriety of "put yourself in the defendant's shoes" argument, as a tool of advocacy, is doubtful because it "encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Spray–Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir.1982), *aff'd on other grounds*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984).[6] The decision of whether, and in what manner to give a curative instruction following such an argument, however, is committed to the sound discretion of the district court and, absent an abuse of that discretion, will not be disturbed upon review. *Cf. Joan W. v. City of Chicago*, 771 F.2d 1020, 1023 (7th

Cir.1985) ("giving great deference to the superior vantage point of the trial judge ... the ["Golden Rule"] argument was not so egregious that the judge abused her discretion in refusing to cure the error"); *Spray–Rite*, 684 F.2d at 1246 ("remark was clearly improper, but we are not convinced that it was so prejudicial that it deprived [the appellant] of a fair trial"); *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 195 (4th Cir.1982) (court did not abuse its discretion by refusing to give curative instruction even though the totality of counsel's improper behavior, which included a "Golden Rule" argument, was "tasteless, offensive, [and] arguably violative of professional standards"), *cert. denied sub nom. Aetna Casualty and Surety Co. v. United States*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983). The fact that a trial counsel's conduct is improper merely triggers an inquiry into the judicial response, and a review to determine whether that response "constituted a prejudicial abuse of discretion." *Arnold*, 681 F.2d at 195.

Significantly, the test most often applied by appellate courts to these cases, holds that the use of a "Golden Rule" argument is rendered harmless either by an immediate curative instruction, *see, e.g., Shultz v. Rice*, 809 F.2d 643, 652 (10th Cir.1986) (potential for prejudice adequately cured where, immediately following objection to use of "Golden Rule" argument, the court "sufficiently admonished the jury to weigh [the offending attorney's] argument against the whole of the evidence and the law presented them"), *or* by a complete final instruction to the jury concerning its proper role in the determination of liability and damages issues. *See, e.g., Joan W. v. City of Chicago*, 771 F.2d at 1023 ("[a]lthough the judge did overrule the

---

**6.** We reject Haworth's assertion that the "Golden Rule" argument is improper only when used in respect to the issue of damages and not when the issue is liability and, accordingly we reject the rationale of the appellate courts that have reached that conclusion. *See* Appellee's Brief at 25, *see also, Schultz v. Rice*, 809 F.2d 643, 651–52 (10th Cir.1986) (Golden Rule is violated only when "the jury is exhorted to place itself in a party's shoes with respect to damages"); *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir.1976) (argument complained of not unfairly prejudicial because it was not in any way directed to the question of damages). We see no rational basis for a rule that proscribes the "Golden Rule" argument when a plaintiff argues damages, but permits it when the defendant argues liability. As Edwards notes: "[t]he same concerns are present in both situation[s]—the creation of undue sympathy and emotion." Appellant's Brief at 24. For that reason, we draw no distinction between the two uses of the argument in our determination that the argument is improper.

City's objection to the Golden Rule argument and did not give a limiting instruction, we have noted that any prejudice can often be cured simply by a general instruction that properly informs the jury on the law of damages"); *Spray–Rite*, 684 F.2d at 1246 (harmless error where "the jury was properly instructed concerning the law it should apply in determining liability and damages").

In the present case, although the district court did not give an immediate curative instruction to the jury, the instruction that it ultimately gave sufficiently presented the issues to the jury for its consideration. In its charge, the district court instructed the jurors that they must "perform [their] dut[ies] without bias or prejudice as to any party.... [and that] [o]ur system of law does not permit jurors to be governed by sympathy prejudice, or public opinion." App. at 491. The district court noted further that "you are to consider only the evidence in the case," *id.* at 495, and that the "[s]tatements ... of counsel are not evidence in the case." *Id.* In our view, these instructions appropriately advised the jury of its responsibilities and, when read in the context of the overall instructions given by the district court, sufficiently negated any prejudice that might have resulted from Haworth's counsel's errant arguments to the jury. Accordingly, we will not disturb the judgment entered by the district court on the jury's verdict.[7]

## IV. *Remaining Issues on Appeal*

Edwards raises two other issues on this appeal. He contends that the district court erred by omitting reference to the aggravated assault charge and referring only to the automobile theft charge, when it instructed the jury on probable cause regarding the claim of false arrest. In light of the facts that Haworth arrested Edwards for more than one offense and that the jury, by its verdict on behalf of Haworth, concluded that probable cause to arrest on the automobile charge existed, even if we were to conclude that the failure to charge the jury on aggravated assault with regard to the claim of false arrest was error, we would conclude that the error was harmless.

Certainly, a district court is not obliged to charge as to claims that it believes are unsubstantiated by the evidence presented. *See Herman v. Hess Oil Virgin Islands Corp.*, 524 F.2d 767, 772 (3d Cir.1975) (failure to charge on theory that was not pursued at trial is not reversible error); *Di Rago v. American Export Lines, Inc.*, 636 F.2d 860, 867 (3d Cir.1981) ("[a] party is entitled to have its requested instructions given only when there is evidence in the record supporting their submission."). In the present case, the assertion of error as to the omission of the negligence charge appears inconsistent with the posture of Edward's complaint, and the evidence that he offered at trial. It appears that his theory of relief was predicated upon the intentional tort of battery, and the record does not clearly demonstrate that Edwards proved the elements necessary to support his claim of negligence. Certainly a standard of care that Haworth owed to Edwards could be assumed from the record, however, Edwards does not demonstrate how Haworth deviated from that standard. Even if inferences from the record might support the breach of duty, it was clearly Edwards's duty to present sufficient evidence of negligence, and it does not appear that the district court abused its discretion, on this record, by concluding that he had not. Accordingly, we find no error in the district court's refusal to instruct the jury on negligence.

---

7. Edwards also alleges that the district court did not properly instruct the jury on negligence and that such an instruction would have cured the prejudicial effect that Haworth's counsel's "Golden Rule" argument had on the jury. Appellant's Brief at 24. As an initial matter, we note that Haworth's assertions that Edwards waived his right to object to the district court's failure to instruct on this charge is without merit. In order to preserve his objection, Edwards did not need to submit his own charge or raise the request at the charge conference (in fact, if he had only raised the question at an off the record charge conference, that would have been insufficient to support his objection). To preserve his objection, Edwards needed only to object to the charge that the judge proposed, which he did. *See* App. at 533.

The district court denied Edwards's request for a negligence charge because it found that Edwards had "offered no evidence at trial on how a reasonable law enforcement officer would have acted under circumstances similar to those ... at issue in this litigation[,] ... [and that,] absent a finding that the defendant ... acted intentionally when he shot the plaintiff, ... there was no evidence from which a reasonable juror could have determined that the defendant's conduct was negligent." *Edwards v. City of Philadelphia*, No. 85–2057, Order Denying Motion For New Trial at 1–2 (E.D.Pa. Sept. 4, 1987) *reprinted in* App. at 667–68.

As we have noted above, Edwards has not succeeded in meeting his burden of demonstrating that Haworth arrested him without probable cause on the charge of auto theft. The existence of probable cause, therefore, justified the arrest—and defeats Edwards's claim of false arrest—even if there was insufficient cause to arrest on the aggravated assault claim alone. *Cf. Linn v. Garcia*, 531 F.2d 855, 862 (8th Cir.1976) ("when a peace officer has probable cause to believe that a person is committing ... [an] offense, he is justified in arresting that person, and it is immaterial that the officer may have thought, without probable cause, that the defendant was committing or had committed other offenses as well.").

█ Finally, Edwards argues that by allowing Haworth to testify that he was not disciplined by the department's Internal Affairs Division (IAD), the trial court erroneously permitted the jury to infer that the City had completed an investigation into the case, and concluded that no wrongdoing had occurred. He asserts that this testimony was prejudicial and constituted hearsay. Moreover, Edwards asserts that the testimony was irrelevant because he had withdrawn his complaint against the city for failure to discipline.

Haworth in response, argues that this testimony was proper because Edwards had "opened the door" to it on his direct. Specifically, Haworth points to a series of questions during Edwards's direct examination of Haworth at which Haworth was asked questions regarding the time between the incident, and the time that he arrived at IAD. Edwards also asked questions regarding the length of time that Haworth spent at IAD. *See* App. at 286–88. Haworth asserts that Edwards intentionally made the suggestion that Haworth had been investigated by the IAD in order to cause the jury to draw the inference that the department had cause to believe that Haworth had done something wrong.

Taken as a whole, it appears that Edwards's intent by this line of questioning was to demonstrate that there was inconsistency between the report that Haworth completed regarding the incident and the actual facts, and also that there was an unexplained lapse of time between the occurrence of the incident and Haworth's reporting to IAD. Notwithstanding Edwards's intent, however, the questions asked on direct would permit an inference by the jury that Haworth had been investigated for wrongdoing. Haworth's testimony that he was not disciplined, therefore, was reasonable rebuttal of inferences that could be drawn from his testimony on direct, and the district court did not abuse its discretion by not disallowing the testimony, or by not granting the motion for new trial based upon that assignment of error.

## V. *Conclusion*

For the foregoing reasons, we conclude that the judgment entered by the district court on the verdict of the jury in favor of Haworth need not be disturbed and, accordingly, we will affirm.