NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3579

_____

PEDRO REYES,

Appellant

v.

MARK DILUZIO

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 5-10-cv-03102)
Magistrate Judge: Honorable Henry S. Perkin

_____

Submitted: June 7, 2012

_____

Before: SCIRICA, GREENAWAY, JR., and COWEN, *Circuit Judges.*

(Opinion Filed: September 7, 2012)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Pedro Reyes ("Reyes") appeals the September 21, 2011 Order of the District

Court, granting summary judgment in favor of appellee Police Detective Mark DiLuzio

("DiLuzio") of the Bethlehem Police Department. Reyes was initially arrested and

charged with suspicion of DUI and driving with an open container of alcohol. The DUI

charges were later dropped, and he was charged only with driving with an open container of alcohol. Reyes filed suit against DiLuzio seeking damages for false arrest and malicious prosecution. Reyes also sought punitive damages. The District Court granted summary judgment in favor of DiLuzio. For the reasons stated below, we shall affirm the District Court's Order.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts. On July 6, 2008, Reyes was stopped at a sobriety checkpoint in Bethlehem, Pennsylvania, while returning home from a party. Officer Doug Nothstein, the contact officer at the checkpoint, was responsible for making first contact with drivers and making observations regarding their sobriety. Officer Nothstein stated that he saw an open container of beer in Reyes's car and also noticed that Reyes had glassy, bloodshot eyes and sluggish movements. He also detected an odor of alcohol on Reyes's breath. Officer Nothstein also asserted that Reyes admitted that he had been drinking earlier that night at a party.

Officer Nothstein asked Reyes to step out of the car and directed him to Appellee, DiLuzio[1]. Officer Nothstein briefed DiLuzio on his observations regarding Reyes. After noticing that there was an open container of beer in the car and making similar observations about Reyes's eyes and the odor on his breath, DiLuzio decided to administer a preliminary breath test ("PBT") and two field sobriety tests. DiLuzio took

---

[1] DiLuzio's responsibilities at the checkpoint were to conduct field sobriety testing on those drivers removed from their vehicles on suspicion of DUI.

2

two PBT readings, which came back at .09 and .10, both above the legal limit of .08 for alcohol levels in the bloodstream while driving. DiLuzio administered the field sobriety tests—the one-legged-stance and the walk-and-turn test. Reyes failed both field sobriety tests.

Based on the results of the field sobriety tests, Reyes was taken into custody on suspicion of DUI. He was transported to the Northampton County DUI Center. Officer Eric Schaedel, an employee of the DUI Center, observed that Reyes had a "moderate" level of alcohol on his breath, mumbled when he spoke, had "bloodshot" eyes and was "unsteady" in his gait. With Reyes's consent, blood was drawn and sent to a local hospital for testing. The results were negative for alcohol content.

As a result of the DUI Center blood test, DiLuzio did not pursue DUI charges against Reyes. Instead, DiLuzio mailed Reyes a summary traffic citation for driving with an open container of alcohol in his car, in violation of 75 Pa. C.S.A. § 3809. At the hearing on the open container charge, a magisterial district judge found Reyes not guilty of the traffic violation, but guilty of the open container violation.

Reyes subsequently filed a civil rights action, pursuant to 42 U.S.C. § 1983, against DiLuzio, claiming that DiLuzio arrested him without probable cause, in violation of the Fourth Amendment to the Constitution of the United States. Specifically, Reyes contends that he was arrested for drunk driving without probable cause, and that his claim

3

was supported by the fact that a blood test done shortly after the arrest was completely negative for alcohol.[2]

DiLuzio filed a motion for summary judgment. The District Court granted the motion since Reyes had not put forth any evidence to contradict the testimony of DiLuzio, Officer Nothstein, or Officer Schaedel. Reyes filed a timely appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. §1291 to review the District Court's grant of summary judgment. Busch v. Marple Newtown Sch. Dist., 567 F.3d 89, 95 n.7 (3d Cir. 2009). We review the District Court's order granting summary judgment de novo. Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). To that end, we are required to apply the same test the district court should have utilized initially. Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009) (quoting Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 989 F.2d 635, 637 (3d Cir. 1993)).

## III. ANALYSIS

Reyes contends that his DUI arrest occurred despite the absence of probable cause and that the District Court erred in crediting DiLuzio's testimony regarding Reyes's alleged drunken state.

---

[2] Reyes contends that either DiLuzio was not truthful in his testimony regarding the PBTs or there was some error with the blood test results from the local hospital.

<u>Lack of Probable Cause for Arrest</u>

Reyes contends that the blood test administered at the DUI Center correctly showed that he had no alcohol in his system, even though DiLuzio testified that Reyes failed the field sobriety tests and the PBT. He argues that the individuals involved in testing his alcohol blood level at the DUI Center were deposed and testified as to the chain of custody and the procedures used; and concluded that there could have been no mistake with the sample. In addition, Reyes argues that evidence of his demeanor and his ability to walk and speak clearly are apparent on a video and sound recording. However, that recording was not in the record; thus, the District Court could not consider that evidence. Any consideration of this evidence on appeal is beyond our purview.

Reyes also argues that DiLuzio violated his rights under the Fourth Amendment when he was arrested, handcuffed, placed in a police car, and taken to the County DUI Center, from which he was not free to leave. According to Reyes, these acts constituted "a custodial arrest and a seizure." (Appellant's Br. at 22.)

We have held that "the test for an arrest without probable cause is an objective one, based on the facts available to the officer at the moment of arrest." <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3d Cir. 1989) (quoting <u>Beck v. Ohio</u>, 379 U.S. 89, 96 (1964)). "Probable cause to arrest exists where the facts and circumstances within [an officer's] knowledge and of which [that officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." <u>Edwards v. Phila.</u>, 860 F.2d 568, 572 (3d Cir. 1988) (quoting <u>Brinegar v. United States</u>, 338 U.S. 160, 175-76 (1949)). Therefore, as

5

long as the officers had some reasonable basis to believe that Reyes had committed a crime, the arrest is justified as being based on probable cause. Here, DiLuzio had probable cause to arrest Reyes, based on the information provided by Officer Nothstein at the DUI checkpoint. More important, DiLuzio had his own observations and the results of the tests he had administered in the field. There was no error on this basis.

Malicious Prosecution

Reyes contends that his arrest, based on its resolution, amounts to malicious prosecution. In order to prevail on a claim for malicious prosecution, a plaintiff must show: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). These elements are conjunctive.

If probable cause is established, a malicious prosecution claim fails as a matter of law. See Kossler v. Crisanti, 564 F.3d 181, 195 (3d Cir. 2009) ("[H]ad the District Court analyzed Kossler's claims under the third element of malicious prosecution, it would have found that the existence of probable cause precluded his action from proceeding.") Because we find that DiLuzio had probable cause to arrest Reyes, a claim for malicious prosecution cannot proceed.[3]

---

[3] Reyes fails to discuss punitive damages in his brief. The issue is waived. "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

<u>DiLuzio's Testimony</u>

Reyes contends that the District Court erred in crediting DiLuzio's "disputed" testimony in entering summary judgment in DiLuzio's favor. He argues that the Court based its entry of summary judgment on the fact that "[DiLuzio] observed him smelling drunk, acting drunk, and testing legally drunk on an unverifiable PBT, all of which are disputed facts, which the factfinder is not required to believe, and which [he] has introduced substantial evidence to contradict." (Appellant's Br. at 18.) Reyes also argues that DiLuzio is not truthfully reporting his observations made at the checkpoint, and that there is both direct and circumstantial evidence to suggest that Reyes was not exhibiting any signs of intoxication, negating the existence of probable cause to arrest. (<u>Id.</u> at 12.) Reyes has failed to raise genuine disputes as to material facts sufficient to reverse the District Court on this issue.

Reyes also argues that Officer Schaedel's observations regarding his condition should not have been considered by the District Court when making its determination regarding summary judgment, as he was never deposed and did not submit an affidavit. Although the District Court listed a number of factors in considering whether to grant DiLuzio's motion for summary judgment, Officer Schaedel's observations were not listed among the factors. <u>See</u> App. at 10a.

Reyes bases his contention regarding the veracity of DiLuzio's testimony on the results of the DUI Center blood test. He claims that DiLuzio's testimony should not have been believed on summary judgment. Reyes contends that he has made "an ample

showing" of evidence for a reasonable jury to find in his favor, based on his arguments challenging the veracity of DiLuzio's testimony. (Id. at 21.)

Two retorts are prompted by this argument. First, the District Court's role on summary judgment is not to determine credibility. Thus Reyes's assertion regarding DiLuzio's testimony is not relevant to our de novo review of the District Court's summary judgment ruling. Second, the basis for summary judgment does not center on DiLuzio's testimony. There is also the testimony of Officer Nothstein, the results of the field sobriety tests, the reported smell of alcohol on Reyes's breath, Reyes's admitted alcohol consumption that evening, and the open container of alcohol. These facts were appropriately considered in determining whether genuine disputes of material fact required denial of summary judgment.

We find that Reyes has not provided sufficient facts for the District Court's consideration to suggest that genuine disputes of material facts exist which would negate the grant of summary judgment. Reyes's general disagreement with the evidence and testimony presented against him are not enough to produce a different outcome.

## IV. CONCLUSION

For the reasons set forth above, we shall affirm the Order of the District Court.